# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV220-T-02
## (1:03CR27-04-T)

| | |
|---|---|
| PATRICIA L. ELLIOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the Respondent's answer thereto and motion for summary judgment.

On April 7, 2003, the Petitioner and 11 Co-Defendants were charged with conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine and at least 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed April 7, 2003**. Along with the indictment, the Government filed an Information pursuant to 21 U.S.C. § 851 alleging that Petitioner had committed the instant offense after previously having been convicted of a felony drug offense. Such

Notice, therefore, made Petitioner subject to an enhanced sentence in the event she was convicted of the conspiracy charged in the indictment. **Information Pursuant To Title 21 U.S.C. § 851, filed April 7, 2003**.

On June 10, 2003, Petitioner entered into a plea agreement with the Government pursuant to which she agreed to plead guilty to the conspiracy charge. **Plea Agreement, filed June 12, 2003**. In return, the Government allowed Petitioner to stipulate to having been involved with at least 350 grams but less than 500 grams of methamphetamine. *Id.* **at 2**. Petitioner's agreement also contained a waiver by which she gave up her right to contest her conviction or sentence in any direct appeal on any grounds, and her right to collaterally challenge those matters in post-conviction proceedings on any grounds except ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* **at 5**.

On June 12, 2003, Petitioner appeared with counsel before the Magistrate Judge and formally entered her guilty plea. The Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that her guilty plea was knowingly and voluntarily made and entered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 23, 2003**. The Magistrate Judge specifically asked Petitioner if

she had discussed her right to appeal and if she understood that by signing the plea agreement and entering the guilty plea that she would be waiving her right to appeal her conviction or sentence or contest the same in a post-conviction proceeding unless she alleged prosecutorial misconduct and/or ineffective assistance of counsel. *Id*. **at 7-8.** Petitioner stated, under oath, that she understood those waivers. *Id*. **at 8.** The Magistrate Judge then asked Petitioner if she knowingly and willingly accepted these limitations on her right to appeal and to file post-conviction proceedings. *Id*. Again, under oath, Petitioner answered in the affirmative. *Id*. Based on the representations and answers given by Petitioner, the Magistrate Judge found that her guilty plea was knowingly and voluntarily made and that she understood the charges, penalties, and consequences of the plea, and he accepted her plea of guilty. *Id*. **at 9.**

Prior to sentencing, the Government filed a motion for a downward departure stating that Petitioner had provided substantial assistance, and requesting that the Court depart downward from the statutory mandatory minimum term of 120 months, as indicated in the presentence report, to a range of 70 to 87 months imprisonment. **Government's Motion for a Downward Departure, filed May 20, 2004**. On May 26, 2004, the Court

held a sentencing hearing during which it granted the Government's motion, and sentenced Petitioner to a term of 72 months imprisonment. **Judgment in a Criminal Case, filed June 3, 2004**. Petitioner did not file a notice of appeal.

On May 27, 2005, Petitioner filed her § 2255 motion alleging, *inter alia*, that her guilty plea was involuntarily made, she was subjected to constitutional errors by the Court and otherwise, she was a victim of prosecutorial misconduct, and she was denied the effective assistance of counsel. ***See, generally,*** **Petitioner's Motion.** Included in her ineffective assistance claim is Petitioner's allegation that her "attorney should have filed a direct appeal on [her] behalf, but apparently he did not." **Petitioner's Motion, at 5.**

The Government has responded to Petitioner's allegations and has moved for summary judgment. Attached to the Government's response is an affidavit from Petitioner's counsel, Charles R. Brewer, who represented her during sentencing.[1] Mr. Brewer avers that on the several occasions he spoke with Petitioner after her sentencing on May 26, 2004, she never

---

[1] Petitioner was represented by retained counsel until after her plea was entered, at which time she became dissatisfied with those attorneys and requested court-appointed counsel.

instructed him to file a notice of appeal. **Affidavit of Charles R. Brewer, *attached to* Government's Response to Petitioner's Motion, filed September 7, 2007, ¶ 7.** In rebuttal, Petitioner disputes Mr. Brewer's recollection of the facts and states that she did, in fact, ask him to file a direct appeal.[2] ***See* Exhibit A, *attached to* Petitioner's Rebuttal to Government's Response, filed October 12, 2007.**

Even though the Court finds that Petitioner's allegations regarding this issue are spurious at best, it must agree with the Government that Fourth Circuit precedent requires that such "discrepancy" between Petitioner's allegation and counsel's denial "must be resolved in Petitioner's favor." **Government's Response, *supra*, at 21 (citing *United States v. Poindexter,* 492 F.3d 263, 267, 273 (4th Cir. 2007).**

An attorney's failure to file an appeal when requested by his client to do so is *per se* ineffective assistance of counsel, irrespective of the merits of the appeal. **United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993); *see also* Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (same)*; United States v. Witherspoon,* 231 F.3d 923 (4th Cir. 2000) (discussing when

---

[2] It is noted that Petitioner's "affidavit" is not notarized or sworn to under penalty of perjury. ***See* Exhibit A, *supra.***

**failure to consult with client concerning whether to appeal constitutes ineffective assistance).**

In *Poindexter*, the Fourth Circuit agreed with the petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial[.]" *Poindexter, supra,* **at 267.** That Court also held that counsel's conduct would be prejudicial under these circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. *Id.* **at 273.** In cases such as this one, a petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," but that is a statutory right which simply cannot be taken away. *Id*; *see also Rodriguez v. United States,* **395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).**

Here, Petitioner has alleged that her right to a direct appeal and, therefore, the effective assistance of counsel, was violated by her attorney's failure to file a direct appeal as she had requested. Petitioner alleges that following her sentencing hearing, she expressly asked counsel

to file a direct appeal for her, but he failed to do so.  **Petitioner's Exhibit A,** *supra*.  However, her sentencing counsel denies that allegation.  **Brewer Affidavit,** *supra*.  Nevertheless, the relevant legal precedent makes it necessary for this Court to grant Petitioner's motion to vacate only as to that limited issue thereby allowing her to proceed with a direct appeal.  The prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, enter an amended judgment which reimposes the same sentence, and file a notice of appeal on Petitioner's behalf.  The remainder of Petitioner's claims will be dismissed without prejudice.  *See United States v. Killian,* **2001 WL 1635590 (4th Cir. 2001) (noting that where district court grants motion to vacate under *Peak*, the court must defer ruling on petitioner's remaining claims)**.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is **ALLOWED IN PART** as reflected by the Judgment filed herewith.

**IT IS FURTHER ORDERED** that Respondent's motion for summary judgment is **ALLOWED IN PART AND DENIED IN PART.**

8

Signed: February 26, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge